[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket Number CR 90-52183.
Michael Jachimczyk, Defense Counsel, for Petitioner.
Cornelius Kelly, Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner, who was 19 years of age at the time of the offense was convicted of murder (Connecticut General Statutes § 53a-54a) and sentenced to a term of 45 years. The petitioner was actually convicted twice in this case. His first trial, which resulted in a murder conviction, was reversed and a new trial ordered. State v. Carter,228 Conn. 412 (1994). He had also received a 45 year sentence in the original trial.
On retrial he was again convicted with a 45 year sentence being imposed.
The summarization of the factual basis for the conviction is as follows:
 On the afternoon of May 31, 1990, the Bridgeport police received a report of a shooting at Lugo's Market, a grocery store located on the east side of the city. When a police officer arrived at the market, he found the victim, Angel Diaz, lying face up on the floor, suffering from multiple gunshot wounds to the chest and abdomen. The victim was transported by ambulance to an area hospital where he later died from those wounds.
 Salvador Lugo, the owner of the market, had been alone in his store late that afternoon when he observed the victim enter the market, select a can of beer, and proceed into a shopping aisle near the front of the market. Lugo next observed the defendant enter the store and turn into the same shopping aisle as the victim. Due. to the height of the market's display CT Page 6825 shelves, Lugo could not see into the aisle occupied by the victim and the defendant, and he heard no conversation between them. Moments after the defendant had entered the shopping aisle, however, Lugo heard three gunshots from the vicinity of the aisle and immediately thereafter observed the defendant walk slowly out of the store. Lugo then proceeded to the aisle from which the shots had been fired and found the victim lying on the floor. The victim's breathing was labored and he was bleeding from the chest. An autopsy of the victim's body revealed that his death had resulted from three gunshot wounds, including a wound caused by a bullet that had entered the victim's back and pierced his aorta.
 The defendant was arrested for murder late in the evening of May 31, 1990. After he had been advised of his Miranda rights, the defendant gave the police a written, signed statement in which he acknowledged that he had been in Lugo's Market at the time the victim had been shot. He denied, however, that he had been involved in the shooting, and instead described the perpetrator as a "white or Hispanic" male whom he could not identify. At trial, the defendant testified that he had, in fact, shot the victim, but that he had done so in self-defense. The jury found the defendant guilty of the crime of murder.
In arguing for a modification, counsel refers to the case of State v.Luis A. Rivera, 223 Conn. 41 (1992), and posits that the facts in Rivera are more egregious than those in this case, yet the same judge, who in the first Carter case imposed a 45 year sentence, imposed a 30 year sentence for Rivera. He also suggests the judge on the re-trial of Carter rubber stamped the original sentence and noted that the petitioner apologized to the victim's family at his sentencing.
Carter, in his comments to the Division stated that he felt his life was in danger from the victim Diaz, testifying that Diaz was a drug dealer who, in 1989, shot Carter in the back.
In his second trial (as well as the first), Carter raised the issue of self-defense, which was obviously rejected by the jury.
We have no way of knowing what factors were considered by the court inRivera, and thus cannot make a meaningful comparison between the cases. Simply, the sentence imposed in Rivera is not a benchmark for reviewing CT Page 6826 the question of proportionality. Nor does a review of the sentencing transcript support the claim of a rubber stamped sentence. Judge Maiocco articulated the facts and circumstances he considered in determining the sentence he imposed, including, the State pointed out at the time, and before this Division, that the petitioner's behavior has been less then exemplary between convictions, including assaultive prison disciplinary problems.
We can only reduce a sentence if it is disproportionate or unreasonable pursuant to Practice Book § 43-28. Under the circumstances of this case, a sentence of 45 years for murder is neither inappropriate nor disproportionate.
The sentence is affirmed.
Klaczak, Miano and Ianotti, J.s, participated in this decision.